Marc Days, CA Bar #184098
Days Law Firm
1125 T Street
Fresno, California 93721
Telephone: (559) 708-4844

Attorney for Defendant,
RODGER GITHENS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>RODGER GITHENS,<br><br>　　　　　　Defendant. | No. 1:23-cr-00089-ADA-BAM<br><br>**NOTICE OF MOTION AND MOTION FOR BAIL REVIEW**<br><br>Date:　June 7, 2023<br>Time:　2:00pm<br>Judge:　Hon. Barbara A. McAuliffe |

**TO:　PHILLIP A. TALBERT, UNITED STATES ATTORNEY, AND DAVID L. GAPPA, ASSISTANT UNITED STATES ATTORNEY, COUNSEL FOR PLAINTIFF:**

**PLEASE TAKE NOTICE** that on June 7, 2023, at 2:00 pm, or as soon thereafter as counsel may be heard before the Honorable Barbara A. McAuliffe, United States Magistrate Judge for the Eastern District of California, defendant Rodger Githens, through counsel, will move this Court for an order releasing him with conditions, including: the designation of a third-party custodian; relinquish his passport; participate in mental health treatment as approved by pretrial services; not access the internet; not use a computer or device capable of accessing the internet unless approved by pretrial services; participate in the Location Monitoring program (including having a location monitoring unit installed in his residence and remain inside his residence at all times except for medical needs or treatment, religious services, court appearances, and attorney consultation pre-approved by pretrial services); the posting of a full

equity bond in real property owned by Defendant (estimated equity in the amount of $200,000); the posting of an unsecured bond or bond secured by property, including vehicles, owned by Defendant; and any other conditions the Court deems appropriate.

Pursuant to 18 U.S.C. §3145, bail review is permitted when there is new information. The new information is (1) the availability of a third-party custodian and (2) the government's disclosure of discovery which revealed exculpatory evidence, specifically, the search warrant affidavit's omission of a material fact to the probable cause determination.

**MEMORANDUM**

**I.    INTRODUCTION**

Defendant Rodger Githens seeks bail review based on new information, the availability of a third-party custodian and disclosure of exculpatory evidence, the warrant affidavit's omission of a material fact to the probable cause determination. Mr. Githens is charged with violating 18 U.S.C. §2252(a)(2), therefore a rebuttable presumption exists that no condition or combination of conditions will reasonably assure his appearance or the safety of the community. Substantial information and evidence of 18 U.S.C. §3142(g) factors rebuts the presumption, specifically:  no criminal history, no history of violence or use of weapons, no history of alcohol or substance abuse, stable employment, stable residence, community ties, no prior failure to appear in court, no prior attempt to evade law enforcement, no use of an alias or false documents, financial resources, and easily verifiable background information should he be given the opportunity to be interviewed by Pretrial Services (PTS). Mr. Githens requests a PTS interview.

**II.   FACTS**

Mr. Githens is 45 years old. He has been married approximately 9 years and has been with his spouse for over 13 years. He and his spouse have owned a home in the eastern district since 2018. Mr. Githens' spouse is employed by a county government in the state of California and Mr. Githens has been employed by an accredited university within the district since 2015.

Mr. Githens has been tenured track since 2008. In 2019 he was named to an endowed chair position, which only a small number of faculty receive, in recognition for his excellence as a faculty member. In 2021 he obtained tenure. Mr. Githens has four degrees: a Bachelor of

Science (BS) in history; a BS in religious studies; a Masters Degree in Human Resources; and a Doctorate (PhD) in Organizational Change.

On April 5, 2023, a search warrant was issued for the search of Mr. Githens' residence and certain property.  The application for the warrant stated the application was "related to a violation of 18 U.S.C. §2422(b)" coercion or enticement of a minor, an offense for which Mr. Githens has not been charged.

The affidavit in support of the warrant application alleges: Mr. Githens communicated with an Online Undercover Employee (OCE) of the Federal Bureau of Investigation (FBI) who was posing as a 30 year old male through a social networking dating application targeting members of the gay community;  the OCE told Mr. Githens that he (the OCE) was sexually active with his seven-year niece;  the OCE and Mr. Githens communicated about engaging in sexual activity with the seven-year old niece;  the FBI agent and Mr. Githens then chatted about meeting on a Thursday or Friday;  on March 30, 2023, the FBI agent and Mr. Githens agreed to meet on April 7, 2023. ***Notably, the affidavit fails to inform the magistrate that on April 4, 2023, Mr. Githens canceled his meeting with the OCE and continued to decline to meet with the OCE.***

On April 19, 2023, two weeks after the warrant was issued, the search warrant was executed.  On April 20, 2023, a federal complaint was filed, alleging Mr. Githens violated 18 U.S.C. §2252(a)(2). [Dkt 1 and 7].  According to the complaint, during execution of the warrant, child pornography was found on Mr. Githens' phone.

On April 20, 2023, Mr. Githens made his initial appearance in federal court in Sacramento, CA.  [Dkt 3].  Prior to his initial appearance Mr. Githens was not interviewed by Pretrial Services (PTS) and has yet to be interviewed by PTS.  The Court ordered Mr. Githens transported forthwith to the Fresno Division and once defendant has arrived in a Fresno, a Preliminary Examination to be held.  [Dkt. 3].

The magistrate provisionally appointed the Federal Defender.  [Dkt 3].  The government moved for detention, in response, provisionally appointed counsel (PAC) stated the following:

    PAC:    Your Honor, we do not have a package together today, but we do wish to bring this back shortly for it.  However, this case is in a bit of a weird posture.  I'm not - - it appears as though this is going to a Fresno case - -

    Court:    Uh -huh.

    PAC    - - and appearing out of there.  I have not had a chance to confer with Mr. Githens about this, may I take a moment to do so now?

    Court:    Sure.

    PAC:    Thank you.  Your Honor, we will submit on the matter.  [3:19-4:5]

The Court then detained Mr. Githens.  In detaining Mr. Githens the Court stated: "*it's without prejudice, such that if the lawyer in Fresno can put together a package for the magistrate judges to review down there, he or she can list it at the appropriate time.*" [4:13-21].

On February 24, 2023, Mr. Githens appeared in Fresno before the duty magistrate.  The federal defender informed the court that CJA counsel would be appointed in the case and requested a status conference.  A Preliminary Examination was set for May 4, 2023, before a magistrate judge.  [Dkt 8].

**III.**     **ARGUMENT**

It is not unusual for an individual with no criminal history and charged with 18 U.S.C §2252(a)(2) to be released from custody on conditions.  As noted in the Introduction above, there is sufficient information and evidence of 18 U.S.C. §3142(g) factors to rebut the presumption that no condition, or combination of conditions, will reasonably assure Mr. Githens' appearance and the safety of the community.

If Mr. Githens is such a danger that conditions cannot be fashioned, why did the government wait 14 days to execute the search warrant it obtained?  The application for the

warrant requested the warrant to obtain evidence "related to a violation of 18 U.S.C. §2422(b) coercion and enticement of a minor or attempt."[1]

As distasteful as the allegations may be, the fact of the matter is that when the government obtained the search warrant, it failed to disclose to the magistrate that Mr. Githens canceled a meeting with the OCE, a fact which was material to the probable cause determination and whether Mr. Githens undertook an affirmative, or substantial step, to cause a minor's mental act of assent to unlawful sexual activity, a material fact and necessary element of 18 U.S.C. §2422(b). *United States v. Mccarron*, 30 F.4th 1157, 1162-1163 (9th Cir. 2022). "Travel by a defendant to meet a potential victim is probative, but not required, to advance and verify an intent to persuade, induce, entice, or coerce." *United States v. Goetzke*, 494 F.3d at 1236.[2]

Although weight of the evidence is among the least important considerations, evidence exits which can establish that the evidence upon which the government's case depends was seized pursuant to a warrant obtained through an affidavit which omitted a fact material to the probable cause determination. Mr. Githens has a viable defense, a further reason for him not to flee.

## IV.    CONCLUSION

For the foregoing reasons, Mr. Githens requests an order of release subject to whatever conditions the Court deems appropriate.

---

[1] When a defendant initiates conversations with a minor or person he believes to be a minor, describes sexual acts that he would like to perform on the minor, and proposes a rendezvous to perform those acts, he has crossed the line toward persuading, inducing, enticing, or coercing a minor to engage in unlawful sexual activity. *United States v. Goetzke*, 494 F.3d, 1231, 1236 (9th Cir. 2007); see also *United States v. Mccarron, supra,* 30 F.4th at 1163.

[2] Although physical proximity or travel is not necessary to constitute a substantial step, a defendant's "actions must cross the line between preparation and attempt by unequivocally demonstrating that the crime will take place unless interrupted by independent circumstances." *Id*.

| | | |
|---|---|---|
| 1 | Dated: May 31, 2023 | Respectfully submitted |
| 2 | | Marc Days |
| 3 | | Days Law Firm |
| 4 | | */s/ Marc Days* |
| 5 | | MARC DAYS<br>Attorney for Defendant |
| 6 | | Rodger Githens |