# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>    v.<br><br>RODGER GITHENS,<br><br>        Defendant. | Case No. 1:23-CR-0089 ADA BAM<br><br>ORDER DENYING MOTION FOR BAIL REVIEW<br><br>ECF No. 19 |

This matter is before the Court on Defendant Rodger Githens' Motion for Bail Review, filed on May 31, 2023 seeking to reopen the detention hearing based upon new information. (Doc. 19.) The proffered new information is the Defendant's residence as security and a third party custodian. The government filed an opposition to the motion on June 13, 2023. (Doc. 23.) The Court heard oral argument on June 21, 2023. At the hearing, the Court permitted supplemental briefing on the narrow issue of the community property nature of the proposed real property security. Defendant filed supplemental briefing on June 23, 2023. The government filed an opposition on June 28, 2023. The motion is submitted for decision.

**Relevant Background**

Defendant Rodger Githens, age 45, is charged by Indictment with Receipt and Distribution of Images of Minors Engaged in Sexually Explicit Conduct, in violation of 18 U.S.C. § 2252(a)(2). He faces a potential penalty, if convicted, of a mandatory minimum of five years

1    up to a maximum of 20 years of imprisonment.  On April 20, 2023, Defendant made his initial

2    appearance and was detained as a risk of nonappearance and a danger based upon the rebuttable

3    presumption under 18 U.S.C. § 3142(e)(3).

4    　　　Defendant's Motion for Bail Review proposes release on the following conditions: the full

5    equity bond in real property owned by Defendant (estimated equity in the amount of $200,000);

6    the designation of a third party custodian; relinquishing his passport; participating in mental

7    health treatment as approved by pretrial services; no access the internet; no use of a computer or

8    device capable of accessing the internet unless approved by pretrial services; participating in the

9    Location Monitoring program; the posting of an unsecured bond or bond secured by property,

10   including vehicles, owned by Defendant.[1]  (ECF No. 19, p.1.)

11   　　　The government opposed the motion arguing that the real property proposed as security is

12   subject to forfeiture, and Defendant could not be trusted in light of his sophistication with

13   technology and his life-long and demonstrated sexual interest in children.

14   **Legal Standard**

15   　　　The Bail Reform Act, which governs release, "mandates release of a person facing trial

16   under the least restrictive condition or combination of conditions that will reasonably assure the

17   appearance of the person as required." *United States v. Motamedi*, 767 F.2d 1403, 1405 (9th Cir.

18   1985) (citing 18 U.S.C. § 3142(c)(2)). On a motion for pretrial detention, the finding that the

19   person is a danger to the community must be supported by clear and convincing evidence, 18

20   U.S.C. § 3142(f)(2)(B), and the finding that the individual is a flight risk must be supported by a

21   preponderance of the evidence, *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991);

22   *Motamedi*, 767 F.2d at 1407.

23   　　　The judicial officer is to hold a detention hearing to determine whether there are

---

[1] At oral argument and in his briefing, Defendant raised the issue that the government's disclosure of discovery revealed exculpatory evidence, specifically, that the search warrant affidavit's omitted material fact(s) to the probable cause determination.  (Doc. 19, p. 2.) The government disputed any omission.  However, this issue goes to the weight of the evidence.  The weight of the evidence is the least important of the factors, *United States v. Motamedi*, 767 F.2d 1403, 1407 (9th Cir. 1985).  And as discussed at the hearing, the issue of adequate probable cause is an issue better raised by a motion to suppress.

2

conditions of release that will reasonably assure the appearance of the individual and the safety of any other person and the community. 18 U.S.C. § 3142(f). In making the determination, the Court is to take into account available information concerning, (1) the nature and circumstances of the charged offense; (2) the weight of the evidence; (3) the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and whether he was on probation, parole or release at the time of the current offense or arrest; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g). "The judicial officer may at any time amend the order to impose additional or different conditions of release." 18 U.S.C. § 3142(c)(3).

A bail hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f).

**Reopening the Detention Hearing**

At the June 21, 2023 hearing, the Court reopened the detention hearing. As stated at the hearing, based on a liberal construction of the Bail Reform Act, the Court finds that Defendant has shown that new information exists which was not known at the time of the original bail hearing. Defendant proposed a secured bond based on the real property offered for the Defendant's release and potential new third party custodians. Thus, the detention hearing was reopened.

**New Evidence Offered to Ensure Defendant's Appearance and the Safety of Others**

After considering the new information, the Court finds that no condition or set of conditions would ensure Defendant's return to Court or the safety of the community. Defendant's proposed bail package is insufficient.

///

*Real Property*

Defendant proposes a bond package of equity in his personal residence. In the motion for bail review, Defendant proposed a "full equity" bond of approximately $200,000. (Doc. 19, p.2.) Thereafter, the government argued that the real property is subject to forfeiture and has a *lis pendens* recorded on the property. In response to the government's argument at oral argument, Defendant then argued that Defendant's husband's proportional community property interest in the property could be used as security, some $80,000 in equity. However, the government further presented argument that Defendant's husband quitclaimed the entirety of his interest in Defendant's real property to Defendant, such that the husband no longer holds any interest in the real property.

The Court permitted supplemental briefing on the community nature of the real property. In supplemental briefing, Defendant does not dispute that the husband executed a quitclaim deed, but argues that the quitclaim deed was not supported by consideration and the husband maintains a community property interest in the home. (Doc. 25.) Defendant further argues that the husband maintains a community property interest because of monthly payments towards the principle on the mortgage and the community acquires a beneficial interest for reducing the principle owed on the property, citing *In re marriage of Mohler*, 47 Cal.App.5th 788, 790 (2020).

The Court need not decide the community nature of the proposed real property. The real property title is clouded by the recordation of the *lis pendens*. The Court rejects the argument that the husband has an unclouded interest in the real property such that his interest could be posted as security. *Kirkeby v. Sup.Ct. (Fascenelli)*, 33 Cal.4th 642, 647, 15 Cal.Rptr.3d 805, 808 (2004) (recordation of a *lis pendens* (CCP § 405 et seq.) during litigation gives constructive notice to the "world" of the pendency of an action affecting title to or possession of the described real property); *Malcolm v. Sup.Ct. (Green)*, 29 Cal.3d 518, 523, 174 Cal.Rptr. 694, 696, fn. 2 (1981) (Until the litigation is concluded or the *lis pendens* expunged (removed), title to the property is clouded, preventing transfer of the real estate to bona fide purchasers and effectively preserving the priority of claims to and against the property.) A clouded title on Defendant's real property is not sufficient security to post for Defendant's release.

4

The government also represents that the real property is subject to criminal forfeiture. Criminal forfeiture reaches any property involved in the offense or any property traceable as proceeds to it. 18 U.S.C. § 982(a)(1). Forfeiture relates back to the time of the criminal acts giving rise to the forfeiture. 21 U.S.C. § 853(c). In other words, the United States' interest in the property vests at the time the defendant commits the crime. *Id.* The law appears settled that an ancillary proceeding constitutes the only avenue for a third party claiming an interest in seized property. *See Libretti v. United States*, 516 U.S. 29, 44, 116 S.Ct. 356 (1995) (noting that Congress has determined that 21 U.S.C. § 853(n) provides the means to vindicate third-party rights); *United States v. Nava*, 404 F.3d 1119, 1125 (9th Cir. 2005) ("We have held that third parties must await the defendant's conviction before filing proceedings to protect their interest in the property and must await the court's order of forfeiture before requesting an ancillary hearing.") A court adjudicates a third party's interest in the forfeited property in an ancillary proceeding after concluding the criminal case and entering a preliminary order of forfeiture. Fed.R.Crim.P. 32.2(b) Advisory Committee's note.

Regardless of the cloud on the real property title, the Court finds that $80,000 of equity is insufficient to mitigate against the danger (as opposed to risk of nonappearance) Defendant poses should he be released, based on the record before the Court, and as explained more fully below. An $80,000 security would not mitigate against the risk of danger.

### *Location Monitoring*

Defendant has also proposed location monitoring. Here, location monitoring is inadequate, as ankle monitors can be removed and ensure only a reduced head start should a defendant decide to flee. In this District, location monitoring is limited to Radio Frequency and is not a GPS system. Of particular concern is that Defendant's husband has strong family ties in Mexico and was born in Mexico, Defendant and his husband have frequently visited relatives in Mexico, and Defendant is fluent in Spanish, and both have strong ties in Mexico.

### *Third Party Custodian*

Defendant's proposal of his husband as a third party custodian is inadequate. Defendant told the undercover agent that his husband had an interest in sexual activity with minors and also

5

had engaged in sexual activities with minors. Whether or not true, this allegation regarding his husband severely undercuts that the husband as suitable third party custodian.

In addition, Defendant's proposal of a third party custodian of the husband's friend, Mr. Holder, is inadequate.  Mr. Holder explained to the Pretrial Services Officer that he "barely knows" Defendant, very rarely sees Defendant although he is willing now to visit in person daily, but is offering to be a third party custodian as a favor to the husband.  This is not the type of commitment the Court expects or desires in a third party custodian with the type of charges and with the underlying facts in this case.

**Risk of Nonappearance**

Based upon the investigation and analysis contained in the Pretrial Services report dated June 21, 2021, the Court finds Defendant is a risk of nonappearance.  Defendant has an extensive history of international travel; he has family residing in Mexico and he and his husband send money to them monthly; he has a U.S. passport; the property bond being offered is subject to forfeiture; a suitable bond package has not been identified; a suitable custodian has not been identified; Defendant has a substance use history; and a suitable residential plan has not been identified.

**Danger to the Community**

The Court further finds that the government has shown by clear and convincing evidence that Defendant poses a risk of harm to the community. The nature and circumstances of the offense are severe.  According to the Affidavit attached to the Complaint, Defendant stated he "always thinks sexual thoughts when he sees a little kid." Additionally, Defendant advised he used to reside near a school, and he would allegedly pleasure himself "from the sounds of kids playing."  Furthermore, Defendant admitted to an agent that he engaged in sexual activity with his husband's 11-year old nephew in Mexico.  While the Court acknowledges the presumption of innocence, on balance, the nature and circumstances are compelling. Given the extreme statements by Defendant of Defendant's own conduct, even considering them singly or jointly, the risk of danger to the community is too high. Based upon the evidence submitted thus far, the

///

Court is concerned with release of an individual who has expressed pervasive sexual interest in children.

**Conclusion and Order**

For the reasons stated above, Defendant's Motion for Bail Review (ECF No. 19) is DENIED.

IT IS SO ORDERED.

Dated: __**July 10, 2023**__           /s/ *Barbara A. McAuliffe*
                                                    UNITED STATES MAGISTRATE JUDGE