PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>RODGER GITHENS,<br><br>                    Defendant. | CASE NO. 1:23-CR-00089-ADA-BAM<br><br>STIPULATION TO CONTINUE DATE FOR STATUS CONFERENCE<br><br>DATE: December 13, 2023<br>TIME: 2:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is scheduled for a status conference on September 13, 2023, but the parties have agreed to move this hearing to December 13, 2023.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy

1

trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on September 13, 2023. The Court more recently has invited a continuance of this hearing if counsel do not believe that anything substantial can be accomplished at the currently scheduled hearing.

2. By this stipulation, the parties agree that the next status conference be scheduled for December 13, 2023, and to exclude time between September 13, 2023, and December 13, 2023, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

   a) A continuance is required to permit retained counsel to review discovery that has been provided and to review evidence at the FBI office in Fresno, California. The defendant also requests time to consider whether any motions can be filed and/or how best to defendant against the pending charges.

   b) The government does not object to the continuance and joins in the request because its investigation has been continuing.

   c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      d)     For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from September 13, 2023, to December 13, 2023, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.     Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: September 7, 2023                  PHILLIP A. TALBERT
                                                      United States Attorney

                                                      /s/ David Gappa
                                                      DAVID L. GAPPA
                                                      Assistant United States Attorney

Dated: September 7, 2023                  /s/ MARC DAYS
                                                      MARC DAYS
                                                      COUNSEL FOR
                                                      RODGER GITHENS

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RODGER GITHENS,<br><br>　　　　　　　　　　Defendant. | CASE NO.  1:23-CR-00089-ADA-BAM<br><br>FINDINGS AND ORDER<br><br>DATE: December 13, 2023<br>TIME: 2:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on September 7, 2023, and also reviewed the record of this case.  For the reasons stated in the stipulation the court finds good cause for rescheduling the hearing to **December 13, 2023, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**.  The court also finds that the time between September 13, 2023, and December 13, 2023, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.
IT IS SO ORDERED.

Dated:   **September 7, 2023**　　　　　　/s/ *Barbara A. McAuliffe*
　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE