PHILLIP A. TALBERT
United States Attorney
DAVID L. GAPPA
Assistant United States Attorney
2500 Tulare Street
Suite 4401
Fresno, California 93721
Telephone: (559) 497-4000

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>RODGER GITHENS,<br><br>     Defendant. | CASE NO.  1:23-CR-00089-NODJ-BAM<br><br>STIPULATION FOR FILING SCHEDULE AND HEARING DATE<br><br>DATE: March 18, 2024<br>TIME: 11:00 am<br>COURT: Hon. Jennifer L. Thurston |

This case is scheduled for a status conference on February 28, 2024, before United States Magistrate Judge Barbara A. McAuliffe.  Since that date was scheduled, the defendant has filed a motion to suppress evidence and requested an evidentiary hearing.  The parties have agreed to the following schedule for briefing on the defense motion.  The government response will be due on March 4, 2024, and the defense reply will be due on March 11, 2024.  The parties agree that the motion can be heard on March 18, 2024.  As will be addressed in the government response, the government does not concede that the court should conduct an evidentiary hearing, but agrees that the March 18, 2024, date is when the motion should be heard.

Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of

1

the public and the defendant in a speedy trial." *Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1.      By previous order this matter was set for a status conference hearing on February 28, 2024. Since that hearing was scheduled, the defendant has filed a motion to suppress evidence.

2.      By this stipulation, the parties agree that the next court date be before the District Court on March 18, 2024. The parties also agree to exclude time between December 13, 2023, and March 18, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3.      The parties agree, and request that the Court find the following:

    a)      The parties have agreed to the following schedule for briefing on the defense motion. The government response will be due on March 4, 2024, and the defense reply will be due on March 11, 2024. The parties agree that the motion can be heard on March 18, 2024. The government does not object to the continuance and joins in the request because its investigation has been continuing.

b)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

c)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from December 13, 2023, to March 18, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  February 14, 2024                        PHILLIP A. TALBERT
                                                 United States Attorney

                                                  /s/ David Gappa
                                                 DAVID L. GAPPA
                                                 Assistant United States Attorney


Dated:  February 16, 2024                         /s/ MARC DAYS
                                                 MARC DAYS
                                                 COUNSEL FOR
                                                 RODGER GITHENS

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on February 15, 2024, and the record of this case.  For the reasons stated in the stipulation the court finds good cause for scheduling a hearing on the defendant's motion on March 18, 2024.  The status conference scheduled for February 28, 2024, is vacated.  The court also finds that the time between December 13, 2023, and March 18, 2024, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.

IT IS SO ORDERED.

Dated:   __**February 16, 2024**__

_____
UNITED STATES DISTRICT JUDGE

4