Marc Days, CA Bar #184098
Days Law Firm
1125 T Street
Fresno, California 93721
Telephone: (559) 708-4844

Attorney for Defendant,
Rodger Githens

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RODGER GITHENS<br><br>　　　　　Defendant. | Case No.:  1:23-cr-00089 NODJ-BAM<br><br>STIPULATION FOR FILING SCHEDULE AND HEARING DATE<br><br>PROPOSED DATED:   May 20, 2024<br>Time:  11:00 am<br>Judge: Hon. Jennifer L. Thurston |

　　　　This case is scheduled for a hearing on the defendant's motion on April 29, 2024, before United States District Judge Thurston. The parties have agreed to modify the schedule for briefing on the defense motion. The parties propose that the defense's reply to the government's response will be due on May 8, 2024. The parties agree that the motion should be heard on May 20, 2024. The government does not concede that the court should conduct an evidentiary hearing, but agrees that the May 20, 2024, date is when the motion should be heard.

　　　　Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."

*Id.*

Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21 F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id.*

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a hearing on the defendant's motion for March 18, 2024. Since that hearing was scheduled the parties have discussed the case and would like to explore the possibility of resolving the case.

2. By this stipulation, the parties agree that the next court date be before the District Court on May 20, 2024. The parties also agree to exclude time between April 29, 2024, and May 20, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

   a) The parties have agreed to the following schedule for briefing on the defense motion. The government response will be due on March 27, 2024, and the

U.S. v. Githens, 1:23-cr-00089 NODJ-BAM
Stipulation for schedule and hearing; [Proposed] Order.

-2-

defense reply will be due on May 8, 2024.  The parties agree the motion should be heard on May 20, 2024.  The government does not object to the continuance and joins in the request because its investigation has been continuing and the parties wish to explore the possibility of resolving the case.

      b)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

      c)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from April 29, 2024, through May 20, 2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 17, 2024                                            */s/ Marc Days*
                                                                            MARC DAYS
                                                                            Attorney for Rodger Githens

Dated:  April 18, 2024                                            */s/ David Gappa*
                                                                            DAVID GAPPA
                                                                            Assistant United States Attorney

*///*

*///*

*///*

## [~~PROPOSED~~] FINDINGS AND ORDER

For the reasons stated in the stipulation the court reschedules the hearing on the defendant's motion for May 20, 2024. The briefing schedule is also modified as follows: the defense reply will be due on May 8, 2024.

The court also finds that the time between April 29, 2024, and May 20, 2024, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations.

IT IS SO ORDERED.

Dated: __April 22, 2024__    
UNITED STATES DISTRICT JUDGE