1  PHILLIP A. TALBERT
   United States Attorney
2  DAVID L. GAPPA
   Assistant United States Attorney
3  2500 Tulare Street
   Suite 4401
4  Fresno, California 93721
   Telephone: (559) 497-4000
5
   Attorneys for Plaintiff
6  United States of America

7                    IN THE UNITED STATES DISTRICT COURT
8                       EASTERN DISTRICT OF CALIFORNIA
9

10 | UNITED STATES OF AMERICA,        | CASE NO. 1:23-CR-00089-NODJ-BAM
11 |              Plaintiff,           | STIPULATION FOR FILING SCHEDULE AND
                                       | HEARING DATE
12 |        v.                         |
                                       | DATE: September 25, 2024
13 | RODGER GITHENS,                   | TIME: 2:00 p.m.
                                       | COURT: Hon. Barbara A. McAuliffe
14 |              Defendant.           |

15

16       This case is scheduled for a status conference on July 10, 2024, before United States Magistrate
17 Judge Barbara A. McAuliffe. That date was scheduled upon the conclusion of a hearing on the
18 defendant's motion to suppress evidence seized upon the execution of a search warrant. Since then the
19 court has denied the defendant's motion. The defense requests additional time for defense preparation,
20 defense investigation, plea negotiations, and to determine how best to proceed.
21       Ends-of-justice continuances are excludable only if "the judge granted such continuance on the
22 basis of [her] findings that the ends of justice served by taking such action outweigh the best interest of
23 the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is
24 excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or
25 finding that the ends of justice served by the granting of such continuance outweigh the best interests of
26 the public and the defendant in a speedy trial." *Id.*
27       Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be
28 "relevant" in considering ends-of-justice Speedy Trial Act continuances. *United States v. Olsen*, 21

F.4th 1036, 1047 (9th Cir. 2022). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the [COVID-19] virus; (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the factors above, this court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7). When continued, this court should designate a new date for the hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, accordingly stipulate as follows:

1. By previous order this matter was set for a status conference hearing on July 10, 2024. Since that hearing was scheduled, the court denied the defendant's motion to suppress evidence.

2. By this stipulation, the parties agree that the next court date be on September 25, 2024. The parties also agree to exclude time between July 10, 2024, and September 25, 2024, under 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv).

3. The parties agree, and request that the Court find the following:

    a) The defense requests additional time to consider how best to proceed. The government does not object to the continuance and joins in the request because its investigation has been continuing.

    b) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    c) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from July 10, 2024, to September 25,

2024, inclusive, is deemed excludable under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) because it results from a continuance granted by the Court at the request of the parties on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  June 27, 2024

PHILLIP A. TALBERT
United States Attorney

/s/ David Gappa
DAVID L. GAPPA
Assistant United States Attorney

Dated:  July 2, 2024

/s/ MARC DAYS
MARC DAYS
COUNSEL FOR
RODGER GITHENS

**FINDINGS AND ORDER**

The court has reviewed and considered the stipulation filed by the parties on June 28, 2024, and also reviewed the record of this case. For the reasons stated in the stipulation the court finds good cause for continuing the case. The status conference scheduled for July 10, 2024, is continued to September 25, 2024 at 1:00 p.m. The court also finds that the time between July 10, 2024, and September 25, 2024, under 18 U.S.C. §§ 3161(h)(1)(D), 3161(h)(7)(A) and 3161(h)(7)(B)(i), (ii) and (iv) shall be excluded from Speedy Trial Act time calculations. The defendant is ordered to appear.

IT IS SO ORDERED.

Dated:  **July 3, 2024**

UNITED STATES MAGISTRATE JUDGE

3