Marc Days, CA Bar #184098
Days Law Firm
1125 T Street
Fresno, California 93721
Telephone: (559) 708-4844

Attorney for Defendant,
RODGER GITHENS

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                              Plaintiff,<br>      v.<br><br>RODGER GITHENS<br><br>                              Defendant. | Case No.: 1:23-cr-00089 JAO-EPG<br>**DEFENDANT'S POST-TRIAL BRIEF**<br><br><br><br><br><br>Judge: Hon. Jill A. Otake |

I.        **INTRODUCTION**

Pursuant to the requirement of the Court's March 12, 2026, Order Regarding Stipulated Facts Bench Trial, Mr. Githens submits this post-trial brief.[1]  In framing this post trial brief, the defense believes it is important to note that on January 5, 2026, Mr. Githens requested that he be allowed to plead guilty to both counts pursuant to Rule 11(a)(2), preserving his right to appeal the denial of his suppression motions.  His request was declined, Mr. Githens then requested a stipulated facts bench trial.  Mr. Githens does not contest the stipulated facts.  This post trial brief merely makes a constitutional challenge and challenges the applicability of the statutes to his conduct.

As to Count 1, Mr. Githens challenges the applicability of 18 U.S.C. §2422(b) to his conduct.  Mr. Githens engaged in speech protected by the First Amendment.  To the extent the

---

[1] The Courts Order states:  "Post-Trial Briefing:  The parties shall submit briefs in addition to their closing arguments no later than March 30, 2026.  The briefs shall not exceed fifteen pages and should focus on the elements of the offenses charged and any case law supporting the parties' positions.  The briefs need not reiterate the facts as outlined in the Stipulation, except to the extent such facts are necessary to support the parties' position."

statute applies to Mr. Githens' speech, it is unconstitutional based on its infringement of the First Amendment. Throughout the communications at issue, Mr. Githens understood he was speaking to an adult. He never believed he was communicating with a minor. He took no action beyond speech: he sent no images or messages to be shared with a minor; he traveled nowhere; he sent no money; and he purchased no gifts, condoms, or other items. Mr. Githens cancelled the only scheduled meeting, then when the government's Undercover Agent (UA) pressed Mr. Githens to meet in person, Mr. Githens repeatedly declined. The government then executed a search warrant – not in response to any imminent threat, but fifteen days after Mr. Githens cancelled the only scheduled meeting. On these undisputed facts, Mr. Githens respectfully submits that 18 U.S.C. §2422(b) does not apply to his conduct, and that to the extent the statute is construed to reach his conduct, it is unconstitutional as applied in violation of the First Amendment.

As to Count 2, the government's recitation of the elements is incorrect given the government's interpretation of those elements. [Dkt 100 at pg. 26 of 47].[2] As discussed below, the government's interpretation of the elements proposed to the Court invites the Court to commit legal error due to the government's failure to accurately break out the term "knowingly" in its first element because the government's interpretation of the fourth element decouples the contemporaneous requirement that the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct at the time of receipt or distribution (a similar invitation to error occurred in *United States v. X-Citement Video*, 513 U.S. 64 (1994)). The defense believes such invited error, if accepted, would be clearly apparent given the Court's post-trial order that the Court intends to issue a written Findings of Fact and Conclusions of Law. To avoid such error, Mr. Githens submits to the Court a clear recitation of the elements to assist the Court in issuing its Findings of Fact and Conclusions of Law.

---

[2] The defense submits the elements of the offense (18 U.S.C. §2252(a)(2)) in response to the Court's inquiry at the March 23, 2026, stipulated bench trial as to whether the defense agreed with the elements set forth by the government. The first time defense counsel saw the elements proposed by the government was when they were shown to the Court during the March 23, 2026, proceeding. The first time the defense heard and saw the government's interpretation of the elements was during the government's closing.

U.S. v. Githens, 1:23-cr-00089 JAO-EPG
Defendant's Post-Trial Brief

## II.   THE EVIDENCE

On April 4, 2023, at 7:20 p.m., Mr. Githens cancelled a meeting with the UA. [Dkt 98-1 at pg. 67 of 104]. On April 13, 2023, at 8:56 p.m., the UA messaged Githens: "That's fine man. So do you wanna lock in next Friday we can chat all you want". [Dkt 98-1 at pg. 79 of 104]. Mr. Githens responded: "Can we wait a few days for me to confirm?" *Id*. On Monday, April 17, 2023, at 6:54 p.m., the UA messaged Mr. Githens, "Ok. Well I hope for Wednesday. That would be perfect." [Dkt 98-1 at pg. 103 of 104]. Then on Tuesday, April 18, 2023, at 1:57 p.m., the UA messaged Mr. Githens: "Have you decided yet if you're coming down tomorrow!" *Id*. Mr. Githens responded: "I don't think tomorrow's going to work with this issue I'm dealing with." [Dkt 98-1 at pg. 104 of 104]. The UA responded: "I feel like you're playing games man. There's always something? I guess let me know about tomorrow or Friday." *Id*. Mr. Githens responded: "Sorry you feel that way." Thereafter, there are no other messages from Mr. Githens. On April 19, 2023, agents executed a search warrant. [Dkt 98 at ¶2].

As set forth in the stipulation, investigators were able to recover from Mr. Githens' iPhone a number of still and video images that depicted minors engaged in sexually explicit conduct. [Dkt 98 at ¶3]. He sent and received still and video images of minors engaged in sexually explicit conduct. *Id*. The images were transmitted beginning no later than May 10, 2022, and continuing through approximately April 19, 2023, in Yolo County within the State and Eastern District of California. *Id*. These images had been shipped and transported in interstate or foreign commerce. *Id*.

## III.   COUNT 1 – 18 U.S.C §2422(b)

### A. THE LAW – THE FIRST AMENDMENT AND 18 U.S.C. §2422(b).

Under the First Amendment of the Constitution, a person's "inclinations" and "fantasies" are his own and beyond the reach of government. *Jacobson v. United States*, 503 U.S. 540, 551-552 (1992). The government may suppress speech advocating a violation of law only if "such advocacy is directed to inciting or producing imminent lawless action and is likely to incite or produce such action." *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 253 (2002); *Brandenburg v. Ohio*, 395 U.S. 444, 447 (1969). "[A]dvocacy of illegal action at some

indefinite future time" is protected by the First Amendment. *Hess v. Indiana*, 414 U.S. 105, 108 (1973).

Virtual child pornography is a "permissible means of expression" under the First Amendment. *Ashcroft v. Free Speech Coalition, supra,* 535 U.S. at 251. "Virtual child pornography is not 'intrinsically related' to the sexual abuse of children." *Id*. at 250. In *Ashcroft*, the government, in defending against a First Amendment challenge to a ban on virtual child pornography, argued that virtual child pornography "whets the appetites of pedophiles and encourages them to engage in illegal conduct." *Ashcroft, supra*, 535 U.S. at 253. In rejecting the argument, the Supreme Court stated: "the Government may not prohibit speech on the ground that it may encourage pedophiles to engage in illegal conduct." *Id*. at 253-254.

In *United States v. Meek,* 366 F.3d 705 (9th Cir. 2004) the defendant Meek was charged with violating 18 U.S.C. §2422(b) after soliciting sexual activity through email messages to an adult who was posing as a minor. *Meek, supra,* 366 F.3d at 712. On appeal, the Ninth Circuit considered whether §2422(b) applies where the person believed to be a minor is an adult police detective posing as a minor, and if so, whether the statute violates the First Amendment. *Meek, supra,* 366 F.3d at 709. The Court ruled §2422(b) does not require an actual minor victim and that the statute was constitutional as applied to Meek. *Meek, supra,* 366 F.3d at 709.[3] The Court noted that:

> Because "persuading . . . a boy under the age of sixteen to engage in prostitution and other sexual acts for which a person could be charged with a criminal offense" comes closer to "incitement" than it does to general "advocacy," the statute does not run afoul of the First Amendment. *Meek, supra*, 366 F.3d at 721 (citing *Ashcroft v. Free Speech Coalition,* 535 U.S. 234, 253 (2002)).

---

[3] The Ninth Circuit noted that Meek's crime was an attempted violation of §2422(b) and that it would be contrary to the purpose of the statute to distinguish the defendant who attempts to induce an individual who turns out to be a minor from the defendant, through dumb luck, and mistakes an adult for a minor. *Meek, supra,* 366 F.3d at 719. To hold otherwise would bestow a windfall to one defendant when both are equally culpable. *Id*. The Court in *Meek* found there is no legitimate speech jeopardized by §2422 because the statute only criminalizes conduct, i.e. the targeted inducement of minors for illegal sexual activity. *Meek, supra,* 366 F.3d at 721. Here, speech is merely the vehicle through which a pedophile ensnares the victim. *Id*.

U.S. v. Githens, 1:23-cr-00089 JAO-EPG
Defendant's Post-Trial Brief

In *United States v. Dhingra*, 371 F.3d 557, 562-563 (9th Cir. 2004), the defendant was convicted of violating §2422(b) after using the internet to solicit sex from a 14-year-old girl, meeting the girl, and having sex with the girl. *Dhingra, supra,* 371 F.3d at 559-560. Dhingra asserted a First Amendment facial challenge to §2422(b) arguing the content of the speech is the crime. The Ninth Circuit rejected the challenge citing *Meek. Dhingra, supra*, 371 F.3d at 559-560. The Ninth Circuit recognized §2422(b) is constitutional because it "requires that an adult cease inducement for sex once he becomes aware that the object of his inducement is a minor – hardly a burden to legitimate speech, *as the statute does not prevent the speaker from communicating with other adults*." *United States v. Dhingra, supra*, 371 F.3d at 562-563 (italics and bold added for emphasis); see also *United States v. McCarron*, 30 F.4th 1157 (9th Cir. 2022) (McCarron emailed a purported minor, engaging in sexually explicit communications, transmitted 12 different images of his penis, and asked the minor to meet him); see *United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2007) (Goetzke mailed letters to a minor that flattered the minor, described sex acts that Goetzke wanted to perform on the minor, and encouraged the minor to return to Montana); see also *United States v. Thomas*, 410 F.3d 1235 (10th Cir. 2005) (Thomas engaged in sexual chats with a purported minor, agreed to meet the minor, and showed up at the meeting location); see *United States v. Bailey*, 228 F.3d 637 (6th Cir. 2000) (Bailey contacted minors, urged them to meet with him, and used graphic language to describe how he wanted to perform oral sex on them, and proposed meeting the minors).

## B. APPLICATION OF THE LAW TO COUNT 1

Githens is distinguishable from *Meek* and *Dhingra*. Githens did not communicate with a minor or believe he was communicating with a minor. Githens met the UC on Grindr, expressed interest in the UC, and told the UC he had never had sexual relations with a girl or woman. The UC told Githens that he (the UC) was sexually stimulated by sexual talk about his 7-year-old niece.

If virtual child pornography is protected by the First Amendment how can messages, between adults, about the same subject matter not be protected by the First Amendment? *Ashcroft, supra,* 535 U.S at 251. Githens' sexual talk is speech protected by the First

Amendment.  Mr. Githens' speech was not advocacy directed to incite or produce imminent lawless action as evident by the fact that on April 4, 2023, Mr. Githens cancelled meeting the UA and the government waited 15 days to execute the search warrant.

Clearly the government did not view Mr. Githens' messages as inciting or producing imminent lawless action, otherwise it would not have waited fifteen days from the initially scheduled, then cancelled, meeting to execute the warrant.  After cancellation of the meeting, no other meetings were scheduled as evidenced from the messages after April 4, 2023.

The evidence before the Court is distinguishable from "adult intermediary" cases, for example:  *United States v. Macapagal*, 56 F.4th 742 (9th Cir. 2022), *United States v. Spurlock*, 495 F.3d 1011 (8th Cir. 2007), and *United States v. Eller*, 57 F.4th 1117, 1121 (9th Cir. 2023). [Dkt 48 at 11:8-16].  These cases did not address the First Amendment or support the position that adults engaged in speech alone can violate 18 U.S.C. §2422(b).  Each case involved a defendant committing acts, specifically:  texting nude pictures to be shared with minors, showing up at an arranged meeting with a purported minor, talking with individuals believed to be minors, exposing oneself on a webcam to persons believed to be minors, purchasing condoms and gifts for a minor, and sending money on multiple occasions for sexual acts to be performed by minors.

The defendant in *Macapagal* texted nude photographs of himself and asked the adult intermediary that the nude photographs be shared with the purported minors, arranged a meeting with the minors, and showed up to the meeting with gifts, condoms, and a vibrator.  *United States v. Macapagal, supra,* 56 F.4th at 744-745.  The defendant in *Spurlock* believed he was chatting with minors, described various sex acts he wanted to perform on the minors, and believing he was still talking to the minors, exposed himself on his webcam and began masturbating, traveled from his home in Texas to Kansas City, checked into a motel, and informed the minors' mother (an undercover officer and adult intermediary) that he purchased condoms and checked into a motel.  *United States v. Spurlock, supra,* 495 F.3d at 1012.  In *Eller*, federal investigators discovered instant messages in which the defendant negotiated with adult intermediaries in the Philippines for sexually explicit images and livecam shows involving

U.S. v. Githens, 1:23-cr-00089 JAO-EPG
Defendant's Post-Trial Brief

minors, insisted that children appear in the videos, detailed the sexual acts that the children should perform, and that on four occasions following the text messages defendant sent money to the intermediaries for the sexual acts he wanted to see the minors perform. *United States v. Eller, supra,* 57 F.4th at 1119; see also *United States v. Roman*, 795 F.3d 511, 518 (6th Cir. 2015) (via text message the defendant discussed with an intermediary sexual acts with a minor, made plans to meet the minor, said he was going to bring flowers and candy, and arrived at the meeting location with flowers, candy, gum, condoms, and lubricant).

The "adult intermediary" cases are clearly distinguishable from Mr. Githens. Unlike the defendants in *Macapagal*, *Spurlock*, *Eller*, and other "adult intermediary" cases, Mr. Githens did not text nude pictures or expose himself, travel for a meeting, check into a motel, believe he was chatting with a minor, negotiate for sexually explicit images of minors, send money for the performance of sexual acts by minors, or purchase a gift, condoms, or other items.

### IV.    COUNT 2 – THE ELEMENTS OF 18 U.S.C. §2252(a)(2)

Mr. Githens challenges the government's legal construction of the elements of §2252(a)(2) and respectfully submits that the Court should apply the correct legal standard as established by the Supreme Court. *United States v. X-Citement Video, supra* 513 U.S. at 78. As noted above, the government's interpretation of the elements fails to accurately break out the term "knowingly" in its first element because the government's interpretation of the fourth element decouples the contemporaneous requirement that the defendant knew the visual depiction was of a minor engaged in sexually explicit conduct at the time of receipt or distribution. Knowingly receiving or distributing a visual depiction of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. §2252(a)(2), consists of the below elements:

First, that the defendant knowingly received or distributed a visual depiction;

Second, the defendant knew he was receiving or distributing a visual depiction of a minor engaged in sexually explicit conduct;

Third, the defendant knew that production of such visual depiction involved use of a minor in sexually explicit conduct;

Fourth, the visual depiction was of a minor engaging in sexually explicit conduct; and

U.S. v. Githens, 1:23-cr-00089 JAO-EPG
Defendant's Post-Trial Brief

Fifth, the depiction was mailed, shipped, or transported in interstate or foreign commerce by any means, including computer.[4]

## V.   CONCLUSION

For the reasons set forth above, Mr. Githens engaged in speech protected by the First Amendment and to the extent 18 U.S.C. §2422(b) applies to Mr. Githens' speech, it is unconstitutional based on its infringement of the First Amendment.  In addition, when making its Findings of Fact and Conclusions of Law as to 18 U.S.C. §2252(a)(2), the Court should use the elements set forth above given the government's invitation for error.

Dated: March 27, 2026,                                        Respectfully submitted,

                                                              Marc Days
                                                              Days Law Firm

                                                              */s/ Marc Days*
                                                              MARC DAYS
                                                              Attorney for Defendant
                                                              Rodger Githens

---

[4] *United States v. X-Citement Video, supra* 513 U.S. at 78 (the scienter requirement of knowingly "extends both to the sexually explicit nature of the material and to the age of the performers."); *United States v. Szymanski*, 631 F.3d 794, 799 (6th Cir. 2011) ("Defendant convicted of receiving child pornography must have known, not just that he was receiving something, but that what he was receiving was child pornography."); *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) ("The Supreme Court has held that the prohibition on receipt of child pornography in 2252(a)(2) includes a scienter requirement, and therefore encompasses only situations in which the defendant knows that the material he is receiving depicts minors engaged in sexually explicit conduct.") (citing *United States v. X-Citement Video, supra*.); *United States v. Gendron*, 18 F.3d 955, 958-960 (1st Cir. 1994) (not only must receipt be knowing under 18 USC §2252, but defendant must have knowledge of sexual explicitness of contents and minor age of persons depicted as well).  As stated by then Chief Judge Breyer, "In our view, and in the view of all courts to have considered the matter since the *X-Citement Video* decision . . . the statute's word 'knowingly' modifies not only the word 'receives,' but also the statute's description of the received material's pornographic content.  That is to say, we understand the statute to require for conviction that the government prove not only that the defendant 'knowingly received' material that he knows contains a 'visual depiction' of a person 'engaging in sexually explicit conduct,' but also that the defendant knows that the person so depicted is a minor." *Gendron, supra*, 18 F.3d at 958.  Failure to modify the statute's word "knowingly" would result in the statute reaching a post office employee who knowingly distributes mail but knows nothing of its contents. *Id*. at 959.